IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE MADDOX | ) | CASE NO. |
| 732 E. 249th St. | ) | |
| Euclid, OH  44123 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| DAVIE GROUP TRADING (USA), INC. | ) | |
| 3459 Guignard Dr. | ) | **Jury Demand Endorsed Hisein** |
| Hood River, OR  97031 | ) | |
| | ) | |
| **Serve also:** | ) | |
| Davie Group Trading (USA), Inc. | ) | |
| c/o Queena Brown | ) | |
| Registered Agent | ) | |
| 3459 Guignard Dr. | ) | |
| Hood River, OR  97031 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Terrance Maddox, by and through undersigned counsel, as his Complaint against

Defendant, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1.    Maddox is a resident of the city of Euclid, county of Cuyahoga, state of Ohio.

2.    Davie Group Trading (USA), Inc. ("Davie Group") is a Delaware for profit corporation

that conducts business in the state of Ohio.

3.    Davie Group was at all times hereinafter mentioned an employer within the meaning of

42 U.S.C. 12101 et seq. and R.C. 4112.01 *et seq*.

4.    Maddox was a remote employee for Davie Group and worked from his home in Euclid,

Ohio.

5.    Some or all material events alleged in this Complaint occurred in Cuyahoga county.

1

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Maddox is alleging a federal law claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq*.

7.      This Court has supplemental jurisdiction over Maddox's state law claims pursuant to 28 U.S.C. 1367 as Maddox's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this Court pursuant to 28 U.S.C. 1391.

9.      Within 300 days of the conduct alleged below, Maddox filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2024-00899 against Davie Group.

10.     On or about February 29, 2024, the EEOC issued and mailed a Notice of Right to Sue letter to Maddox regarding the Charges of Discrimination brought by Maddox against Davie Group in EEOC Agency Charge No. 532-2024-00899.

11.     Maddox received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

12.     Maddox has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13.     Maddox has properly exhausted his administrative remedies pursuant to 29 C.F.R. 1614.407(b).

## MADDOX'S DISABILITIES

14.     Maddox suffers from anxiety and depression ("Disabilities.")

15.     Maddox's anxiety affects his physical nervous system.

16. Maddox's depression affects his cognitive and emotional body systems.

17. Maddox's Disabilities substantially limit one or more of his major life activities including sleeping and working.

18. Maddox's Disabilities are physical impairments.

19. Maddox's Disabilities are a disease.

20. Maddox's anxiety is a disability.

21. Maddox's depression is a disability.

22. As a result of his anxiety, Maddox is and was considered disabled within the meaning of the ADA , 42 U.S.C. 12101 *et seq*. and R.C. 4112.01 et seq.

23. As a result of his depression, Maddox is and was considered disabled within the meaning of the ADA , 42 U.S.C. 12101 *et seq*. and R.C. 4112.01 et seq.

24. Davie Group was aware of Maddox's Disabilities.

25. Alternatively, Davie Group perceived Maddox as being disabled.

26. Davie Group perceived that Maddox's Disabilities constituted physical impairments.

27. Davie Group perceived Maddox's Disabilities to substantially limit one or more of his major life activities including working.

28. Maddox was still able to perform the essential functions of his job despite these actual or perceived Disabilities.

## **FACTS**

29. Maddox is a former employee of Davie Group.

30. Maddox began his employment with Davie Group on or about March 27, 2023.

31. Davie Group employed Maddox as Head of Media Buying.

32. Maddox worked for Davie Group as a remote employee who performed his duties from

Maddox's home in Ohio.

33.  As part of his duties, Maddox purchased promotional ads for Davie Group to appear on social media platforms and various websites.

34.  Maddox worked between 40 to 50 hours per week while employed at Davie Group.

35.  Maddox managed a heavy workload and was successful in completing his daily tasks.

36.  On or about August 18, 2023, Queena Brown, Davie Group's CEO, started micromanaging Maddox and became hypercritical of his work.

37.  Brown frequently held impromptu calls and sent Maddox multiple emails requesting that he educate her on marketing data she did not understand ("Frequent Work Interruptions.")

38.  Maddox frequently educated Brown on marketing data by answering her impromptu calls and responding to her multiple emails.

39.  Brown's Frequent Work Interruptions deterred Maddox from performing his workload.

40.  Brown's Frequent Work Interruptions required Maddox to work longer hours and to work late hours to complete his workload.

41.  Brown's Frequent Work Interruptions sometimes caused Maddox to work 55 to 60 hours during a week to maintain his workload.

42.  Because of Brown's Frequent Work Interruptions, Maddox began feeling overwhelmed, anxious, and depressed.

43.  On or about September 14, 2023, Maddox asked Brown to schedule a meeting with John Trujillo and David Fogarty, founder, and owner, respectively, of Davie Group ("Meeting.")

44.  Maddox requested the Meeting to discuss Brown's Frequent Work Interruptions and to request reasonable accommodations, including the possibility of a reduced work load ("Accommodation Request").

45. Maddox informed Davie Group that these requests were related to him suffering from anxiety and depression.

46. Maddox informed Davie Group that these requests were related to his anxiety and depression worsening due to the Brown's recent conduct.

47. Davie Group denied Maddox's request for a reasonable accommodation.

48. Davie Group did not have an interactive discussion with Maddox to determine how they could accommodate his Accommodation Request.

49. Davie Group did not determine if Maddox's Accommodation Request would cause an undue hardship.

50. Maddox's Accommodation Request was reasonable.

51. This was an accommodation available that would have been effective and would not have posed Davie Group an undue hardship.

52. On or about September 18, 2023, Maddox visited his doctor because Brown's Frequent Work Interruptions aggravated his Disabilities.

53. Maddox's doctor prescribed anti-depression medication, asked to excuse him for at least three days, and recommended that he take about two weeks off work. ("Medical Leave.")

54. Maddox submitted his Medical Leave note from his doctor to Davie Group.

55. Davie Group approved Maddox's Medical Leave related to his anxiety and depression.

56. Maddox had an accrual of paid leave to cover his requested Medical Leave.

57. The requested Medical Leave was another Accommodation Request being made by Maddox and his physician.

58. On September 19, 2023, Maddox was off work on his initial three-day Medical Leave.

59. On September 19, 2023, Brown continued to contact Maddox to discuss work matters while

he was on medical leave.

60. Davie Group policy does not permit employees to work while they are off on medical leave.

61. Brown knew Maddox was on a medical leave.

62. Brown knew Maddox suffered from anxiety and depression.

63. Brown knew Maddox's medical leave was related to his anxiety and depression.

64. Brown violated Davie Group policy when she contacted Maddox to discuss work matters while he was off on medical leave.

65. Maddox declined Brown's work meeting requests.

66. On or about September 20, 2023, Brown terminated Maddox's employment while he was out on the third day of his initial medical leave (per his note). ("Termination.").

67. At no point prior to his termination did Davie Group consider accommodating Maddox for the full two weeks sought in his doctor's note.

68. Brown's Termination of Maddox's employment was an adverse action.

69. Browns' Termination of Maddox's employment was an adverse employment action.

70. Brown's Termination of Maddox's employment was an act of disability discrimination.

71. Defendant's alleged reason for termination is pretext for disability determination.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

72. Maddox restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Maddox is or was disabled during all relevant times during his employment.

74. Alternatively, Davie Group perceived Maddox as being disabled.

75. Despite Maddox's actual or perceived Disabilities, Maddox was still able to perform the essential functions of his job.

76. Maddox informed Davie Group of his Disabilities.

77. On or about September 20, 2023, Davie Group terminated Maddox's employment.

78. Davie Group terminated Maddox's employment because of his Disabilities.

79. Alternatively, Davie Group terminated Maddox's employment because of his perceived disability.

80. Davie Group violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. when it discharged Maddox because of his actual or perceived disability.

81. Davie Group violated 42 U.S.C. § 12101 *et seq.* by discriminating against Maddox based on his actual or perceived disability.

82. Davie Group violated 42 U.S.C. § 12101 *et seq.* by terminating Maddox based on his actual or perceived disability.

83. As a result of Davie Group's conduct, Maddox suffered emotional distress and is entitled emotional distress damages, attorney's fees and other damages under federal law.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02

84. Maddox restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Maddox is or was disabled during all relevant times during his employment.

86. Alternatively, Davie Group perceived Maddox as being disabled.

87. Despite Maddox's actual or perceived Disabilities, Maddox was still able to perform the essential functions of his job.

88. Maddox informed Davie Group of his Disabilities.

89. On or about September 20, 2023, Davie Group terminated Maddox's employment.

90. Davie Group terminated Maddox's employment because of his Disabilities.

91. Alternatively, Davie Group terminated Maddox's employment because of his perceived disability.

92. Davie Group violated the R.C. § 4112.01 *et seq*. when it discharged Maddox because of his actual or perceived disability.

93. Davie Group violated R.C. § 4112.01 *et seq.* by discriminating against Maddox based on his actual or perceived disability.

94. Davie Group violated R.C. § 4112.01 *et seq.* by terminating Maddox based on his actual or perceived disability.

95. As a result of Davie Group's conduct, Maddox suffered emotional distress and is entitled emotional distress damages and other damages under Ohio law.

### COUNT III: FAILURE TO ACCOMMODATE UNDER THE ADA

96. Maddox restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

97. Maddox informed Davie Group of his Disabilities.

98. Maddox requested accommodations from Davie Group to assist with his disability including requesting leave of absence and/or a reduced work load.

99. Maddox's requested accommodations were reasonable.

100. Thise were accommodations available that would have been effective and would not have posed an undue hardship to Maddox.

101. Davie Group failed to engage in the interactive process of determining whether Maddox needed an accommodation.

102. Davie Group failed to provide an accommodation for Maddox.

103.  Alternatively, Davie Group terminated Maddox after initially granting him a medical leave accommodation, but before that leave was finished.

104.  Davie Group violated 42 U.S.C. 12101 *et seq*. by failing to provide an accommodation to Maddox.

105.  Alternatively, Davie Group violated 42 U.S.C. 12101 *et seq*. by terminating Maddox prior to fulfilling or allowing him to use his medical leave accommodation.

106.  As a result of Davie Group's conduct, Maddox suffered emotional distress and is entitled emotional distress damages, attorney's fees and other damages under federal law.

## **COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02**

107.  Maddox restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

108.  Maddox informed Davie Group of his Disabilities.

109.  Maddox requested accommodations from Davie Group to assist with his disability including requesting leave of absence and/or a reduced work load.

110.  Maddox's requested accommodations were reasonable.

111.  Thise were accommodations available that would have been effective and would not have posed an undue hardship to Maddox.

112.  Davie Group failed to engage in the interactive process of determining whether Maddox needed an accommodation.

113.  Davie Group failed to provide an accommodation for Maddox.

114.  Alternatively, Davie Group terminated Maddox after initially granting him a medical leave accommodation, but before that leave was finished.

115.    Davie Group violated R.C. § 4112.01 *et seq*. by failing to provide an accommodation to
        Maddox.

116.    Alternatively, Davie Group violated R.C. § 4112.01 *et seq*. by terminating Maddox prior
        to fulfilling or allowing him to use his medical leave accommodation.

117.    As a result of Davie Group's conduct, Maddox suffered emotional distress and is entitled
        emotional distress damages and other damages under Ohio law.

## **DEMAND FOR RELIEF**

WHISEFORE, Maddox respectfully requests this Court grant:

(a) An order requiring Davie Group to restore Maddox to one of the positions to which he was
    entitled by virtue of his application and qualifications, and expunge his personnel file of all
    negative documentation;

(b) An award against Davie Group of compensatory and monetary damages to compensate
    Maddox for lost wages, compensatory damages, emotional distress, and other consequential
    damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Davie Group in an amount to be determined at trial;

(d) An award of reasonable attorneys' fees and non-taxable costs for Maddox's claims as
    allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Fred M. Bean
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com

*Attorney For Plaintiff Terrance Maddox*

## JURY DEMAND

Plaintiff, Terrance Maddox, demands a trial by jury of the maximum number of jurors permitted.

/s/ Fred M. Bean
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

11